ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 9, 2014

Mr. J. Winston Krause
Chair, Texas Lottery Commission
Post Office Box 16630
Austin, Texas 78761-6630

Opinion No. GA-1065

Re: Whether the Lottery Commission may deny or revoke an entity's bingo-related license based on the criminal history of an individual associated with that entity
(RQ-1173-GA)

Dear Mr. Krause:

You ask whether the Texas Lottery Commission (the "Commission") may deny or revoke an entity's bingo-related license based on the criminal history of an individual associated with that entity.[1] You explain that bingo-related licenses are often issued to corporations, partnerships, and other legal entities that are not individual persons. Request Letter at 1; *see also* TEX. OCC. CODE ANN. § 2001.002(20) (West 2012) (defining "person" as "an individual, partnership, corporation, or other group"). A legal entity seeking a bingo-related license must provide information about its officers, directors, and certain other individuals so that the Commission may conduct background checks. *See, e.g., id.* § 2001.102(b)(12) (stating that an entity applying for a license to conduct bingo must include "information necessary to conduct criminal background checks on the applicant organization's officers and directors"); *see also id.* § 2001.3025(2) (authorizing the Commission to investigate and obtain criminal history information to aid in the investigation of "a person required to be named in a license application"). The Commission may not issue a bingo-related license to an entity if an officer, director, or other specified individual of the entity has been convicted of gambling, a gambling-related offense, or criminal fraud. *See, e.g., id.* § 2001.105(b) (West Supp. 2013) (license to conduct bingo).

You ask about recently-enacted section 2001.0541 of the Occupations Code:

The commission shall adopt rules and guidelines as necessary to comply with Chapter 53 [of the Occupations Code] when using criminal history record information under this chapter to issue or

---

[1]*See* Letter from Mr. J. Winston Krause, Chair, Tex. Lottery Comm'n, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 11, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

renew a bingo license or to list or renew the listing of an individual in the registry of approved bingo workers.

*Id.* § 2001.0541 ("Rules on Consequences of Criminal Conviction"). Under subsection 53.021(a),

> A licensing authority may suspend or revoke a license, [or] disqualify a *person* from receiving a license . . . on the grounds that *the person* has been convicted of: (1) an offense that directly relates to the duties and responsibilities of the licensed occupation; (2) an offense that does not directly relate to the duties and responsibilities of the licensed occupation and that was committed less than five years before the date *the person* applies for the license; [or certain other specified offenses].

*Id.* § 53.021(a) (emphasis added). Your first question is "whether, under Chapter 53, [a non-individual] entity's license may be denied or revoked if an officer, director, shareholder, or other individual required to be listed in the entity's application has been convicted of an offense listed in subsection 53.021(a)." Request Letter at 2.[2]

Chapter 53, entitled "Consequences of Criminal Conviction," applies broadly to "licensing authorities" with some exceptions. TEX. OCC. CODE ANN. §§ 53.001–.105 (West 2012 & Supp. 2013). The chapter incorporates definitions from the Administrative Procedure Act ("APA"), chapter 2001 of the Government Code. *Id.* § 53.001 (West 2012). The APA defines the word "person" as "an individual, partnership, corporation, association, governmental subdivision, or public or private organization that is not a state agency." TEX. GOV'T CODE ANN. § 2001.003(5) (West 2008). Thus, "person" in chapter 53 may include legal entities other than an individual.

A corporation or association may be convicted for its own offenses. *See* TEX. PENAL CODE ANN. § 7.22 (West 2011); *Vaughan & Sons, Inc. v. State*, 737 S.W.2d 805, 811 (Tex. Crim. App. 1987). Consequently, subsection 53.021(a) of the Occupations Code is applicable when a legal entity is a licensee or applicant that has been convicted of one of the specified offenses, although a legal entity may not be capable of committing all of the offenses listed in subsection 53.021(a). TEX. OCC. CODE ANN. § 53.021(a) (West Supp. 2013) (concerning licensing consequences when the "person" has been convicted for offenses related to the occupation, or for fraud, or for various violent or sexual offenses).

---

[2]The Commission has recently adopted a rule stating that it "will not apply Chapter 53, Occupations Code, to officers, directors, or shareholders of, or other individuals associated with, an applicant that is a nonindividual business entity." 16 TEX. ADMIN. CODE § 402.702(a) (2014). We limit our analysis to the statutory authority that has been granted to the Commission under chapter 53.

More importantly, all of the references to "a person" or "the person" in subsection 53.021(a) plainly mean the same "person." *Id.*  Accordingly, subsection 53.021(a) does not authorize a licensing authority to deny or revoke the license of one person (the legal entity) for the conviction of an offense by a different person (an individual).  Chapter 53 does not have a provision such as subsection 2001.105(b), which allows the Commission to deny a bingo-related license to a legal entity when an officer, director, or other specified individuals of the entity have been convicted of a specified offense. *See id.* § 2001.105(b).  Consequently, to answer your first question, chapter 53 of the Occupations Code does not independently provide the Commission with authority to deny or revoke an entity's bingo-related license based solely on the conviction of an officer, director, or shareholder for a subsection 53.021(a) offense.

You also ask if section 2001.0541 of the Occupations Code independently authorizes the Commission, "when reviewing the criminal history of individuals required to be listed in an entity's license application and deciding whether to deny or revoke that entity's license, . . . to consider offenses other than convictions for gambling, gambling-related offenses, and criminal fraud."  Request Letter at 2.  Section 2001.0541 requires the Commission to "adopt rules and guidelines as necessary to comply with Chapter 53" which, as discussed above, does not authorize a licensing authority to revoke or deny a corporate license based solely on the criminal history of certain persons associated with the entity.  TEX. OCC. CODE ANN. § 2001.0541 (West Supp. 2013).  Section 2001.0541 should not be construed as authorizing the Commission to write rules and regulations to give itself the power to deny or revoke a license for reasons not set forth in chapters 53 or 2001.  An agency such as the Commission may not "exercise what is effectively a new power, or a power contradictory to the statute, on the theory that such a power is expedient for administrative purposes." *Pub. Util. Comm'n of Tex. v. City Pub. Serv. Bd. of San Antonio*, 53 S.W.3d 310, 316 (Tex. 2001).  Thus, while nothing in the law prohibits the Commission from investigating and considering an associated individual's entire criminal history, the Commission lacks authority under current law to revoke or deny a license of an entity based solely on the existence of a conviction of an individual associated with the entity for a crime other than gambling, a gambling-related offense, or criminal fraud. *See* TEX. OCC. CODE ANN. § 2001.3025 (West 2012) (authorizing the Commission to obtain and investigate the "criminal history" of certain individuals associated with a legal entity).  Subsection 2001.105(b) demonstrates that the Legislature knows how to disqualify a license applicant based on the criminal history of an individual associated with the applicant.  It is for the Legislature, not this office, to expand the list of disqualifying offenses to include crimes other than gambling, gambling-related offenses, and criminal fraud.

## S U M M A R Y

Chapter 53 of the Occupations Code does not authorize the Lottery Commission to deny or revoke an entity's bingo-related license solely on the basis that an officer, director, or shareholder has been convicted or constructively convicted of an offense specified in section 53.021(a). The Legislature has chosen not to give the Commission the authority to revoke or deny an entity its license for the conviction of an individual required to be listed in the entity's application for an offense other than gambling, a gambling-related offense, or criminal fraud.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee